IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JAMES E. HUGHES,

      **Plaintiff,**

v.                                         **Case No. 3:20-cv-00307**

WESTERN REGIONAL JAIL,

      **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending is Plaintiff's complaint filed suit pursuant to 42 U.S.C. § 1983, (ECF No. 2), and Defendant Western Regional Jail's motion to dismiss, (ECF No. 8). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5). For the reasons that follow, the undersigned **FINDS** that the motion to dismiss, (ECF No. 8), should be **GRANTED,** and the Western Regional Jail and Correctional Facility ("WRJ") should be **DISMISSED** as a defendant in this action and **REMOVED** from the style of the case.

## I.    Relevant History

On May 1, 2020, Plaintiff filed a civil rights complaint concerning his incarceration at the WRJ in Barboursville, West Virginia. (ECF No. 2). Plaintiff alleges that he is a vegetarian, but has not been provided vegetarian meals at the WRJ. He has purchased

food from the commissary, but has not eaten a complete meal for a couple of months. Plaintiff asks that the WRJ reimburse him $1.00 for every meal served to him since September 26, 2019, that he be placed on a vegetarian diet, and that the WRJ pay his filing and administrative fees.(ECF No. 2 at 5).

The WRJ filed a motion to dismiss Plaintiff's complaint on June 24, 2020, asserting that it was immune from prosecution pursuant to the Eleventh Amendment to the United States Constitution, (ECF Nos. 8, 9), and that Plaintiff failed to state a claim against the WRJ under § 1983. (*Id.*). Plaintiff responded to the motion to dismiss, (ECF No. 12), stating that he worked in food service at the WRJ and knew that vegetarian meals were available, but they were wrongfully denied to him, causing him to spend his own money in order to eat. Plaintiff did not address the WRJ's claim of sovereign immunity. In a reply memorandum, the WRJ pointed out Plaintiff's failure to address the WRJ's core argument and reiterated that Plaintiff had not provided a factual basis to support his complaint. (ECF No. 13).

On August 31, 2020, the undersigned held a status conference in this case. (ECF No. 16). During the conference, the Court explained the concept of sovereign immunity to Plaintiff and ordered the WRJ to provide some documents to Plaintiff. Plaintiff was given thirty days after receipt of the documents in which to amend his complaint. (ECF Nos. 16, 17). The WRJ fulfilled its obligations under the Court's Order, but Plaintiff has failed to comply.

## II.    <u>Standard of Review</u>

The WRJ moves to dismiss the complaint on the basis of Eleventh Amendment sovereign immunity and for failure to state a claim. Defendant describes its Motion to Dismiss as one filed pursuant to Fed. R. Civ. P. 12. "The Fourth Circuit has not resolved

whether a motion to dismiss based on the Eleventh Amendment is properly considered pursuant to Rule 12(b)(1) or 12(b)(6)." *Haley v. Virginia Dept. of Health*, Case No. 4:12-cv-0016, 2012 WL 5494306, at *2 n.2 (W.D. Va. Nov. 13, 2012) (citing *Andrews v. Daw,* 201 F.3d 521, 525, n.2 (4th Cir. 2000)). "The recent trend, however, appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1)." *Id.; see also Zemedagegehu v. Arthur*, No. 1:15cv57, 2015 WL 1930539, at *3 (E.D. Va. Apr. 28, 2015); *Johnson v. North Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. Oct. 17, 2012) (collecting cases). A motion under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the dispute. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982)

A Rule 12(b)(1) motion can be presented in two ways. First, the movant may claim that the jurisdictional allegations of the complaint are not true. *Adams,* 697 F.2d at 1219. In that case, the court "is to regard the pleadings as mere evidence on the issue, and may consider evidence outside of the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams,* 697 F.2d at 1219). Second, the movant may contend, as the WRJ does here, that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams,* 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the plaintiff the same procedural protection she would receive under Rule 12(b)(6). *Id.* The burden of proving that the court has subject matter jurisdiction rests with the plaintiff. *Johnson*, 905 F. Supp.2d at 719. However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Bell Atlantic*

*Corp v. Twombly*, 550 U.S. 544, 570 (2007) (stating to survive a 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). Accordingly, the Court will assume that the facts alleged in the amended complaint are true and will draw all reasonable inferences in Plaintiff's favor as the nonmoving party. *Burbach*, 278 F.3d at 405–06. The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). "Furthermore, when as here, a Rule 12(b)(6) motion is testing the sufficiency of a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief *under any legal theory which might plausibly be suggested by the facts alleged.*'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (quoting *Harrison v. United States Postal Serv.,* 840 F.2d 1149, 1152 (4th Cir.1988)).

While the Court "take[s] the facts in the light most favorable to the [P]laintiff, ... [the Court] need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). A complaint fails to state a claim when, accepting the plaintiff's well-pleaded allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do" and a complaint will not "suffice if it tenders naked assertions devoid of further factual

4

enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

Plaintiff filed his complaint *pro se*, and courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The Court may not rewrite the pleadings to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

III. **Discussion**

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape,* 365 U.S. 167, 171-172. In order to state a viable claim under § 1983, a plaintiff must show that: (1) a person deprived him or her of a federally protected civil right, privilege, or immunity and (2) that the person did so under color of State law. *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999).

In *Will v. Mich. Dept. of State Police,* the Supreme Court of the United States ("Supreme Court") considered "the question whether a State, or an official of the State while acting in his or her official capacity, is a 'person' within the meaning of ... § 1983."

*Will*, 491 U.S. 58, 60 (1989). Examining the language and purpose of the statute, the Supreme Court ultimately concluded that Congress did not intend to subject States to liability for deprivations of civil liberties, when such suits would have been barred by the States' sovereign immunity. *Id.* at 66. The holding in *Will* applied not only to lawsuits against the State, itself, but also to suits against "public entities and political subdivisions" that were an "arm or alter ego" of the State. *Maryland Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (quoting *Moor v. Alameda County,* 411 U.S. 693, 717 (1973)).

The law is well settled that regional jails in West Virginia, such as the WRJ, are arms of the State of West Virginia. *See Hall v. Pszczolkowski*, No. 5:14CV150, 2015 WL 6742107, at *3 (N.D.W. Va. Nov. 4, 2015) (holding that "state detention facilities are 'arms of the state'") (citing *Preval v. Reno*, 203 F.3d 821 (Table), No. 99-6950, 2000 WL 20591, *1 (4th Cir. Jan. 13, 2000) (unpublished per curiam)); *Kinder v. PrimeCare Med., Inc.,* No. 3:13–31596, 2015 WL 1276748, at *2 (S.D.W. Va. Mar. 19, 2015) (dismissing the WRJ from § 1983 suit on Eleventh Amendment grounds); *Skaggs v. W. Reg'l Jail,* No. 3:13–3293, 2014 WL 66645, at *1, *4 (S.D.W. Va. Jan. 8, 2014) (dismissing the WRJ from § 1983 suit and adopting finding that the WRJ is arm of the State for Eleventh Amendment purposes). Therefore, the undersigned **FINDS** that the WRJ, as an arm of the State, is not a "person" subject to suit under § 1983 and is entitled to dismissal on this ground. *See Roach v. Burch,* 825 F.Supp. 116 (N.D.W. Va. 1993); *Will,* 491 U.S. at 109; *Cantley v. Western Regional Jail and Correctional Facility Authority,* 728 F. Supp.2d 803 (S.D.W. Va. 2010) (finding that the West Virginia Regional Jail Authority and Correctional Facility is not a "person" for purposes of a claim for money damages under § 1983.); *Lewis v. Western Reg'l Jail,* No. 3:11–cv–01016, 2012 WL 3670393, at *5 (S.D.W. Va. July 24,

2012) (recognizing that "the WRJ is not a person subject to suit under § 1983"), *report and recommendation adopted by* 2012 WL 3726874 (S.D.W. Va. Aug. 27, 2012); *Dement v. Summers Cnty. Courthouse,* No. 5:13–cv–08899, 2015 WL 461560, at \*3 (S.D.W. Va. Feb. 3, 2015) (finding that Southern Regional Jail was not subject to § 1983 suit).

The WRJ is also entitled to dismissal based on the sovereign immunity provided by the Eleventh Amendment, which states in relevant part: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment refers only to suits by citizens of other states, the Supreme Court has construed the Amendment to "establish that an unconsenting State is immune from suits brought in federal court by her own citizens as well as by citizens of another state." *Port. Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (2009) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)) (markings omitted). The immunity created by the Amendment protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *Taylor v. Ozmint*, Case No. 0:10–50–HMH–PJG, 2011 WL 286133, at \*2 (D.S.C. Jan. 7, 2011) (citing *Will,* 491 U.S. at 70); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1977) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.").

Three narrow exceptions to Eleventh Amendment immunity exist. *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 248-49 (4th Cir.2012). First, the State may waive its right to immunity and consent to suit. *Lapides v. Bd. of Regents Univ. Sys. of*

7

*Ga.*, 535 U.S. 613, 618 (2002). Such a waiver must be express, or in other words, the waiver must be an "unequivocal statement of the state's intention to subject itself to suit in federal court." *See Regueno v. Erwin*, No. 2:13-CV-00815, 2013 WL 1837881, at *3 (S.D.W. Va. May 1, 2013) (quoting *Westinghouse Elec. Corp. v. W. Va. Dept. of Highways*, 845 F.2d 468, 471 (4th Cir.1988)) (markings omitted); *and Price v. W. Virginia Air Nat'l Guard, 130TH Airlift Wing*, No. 2:15-CV-11002, 2016 WL 3094010, at *2-3 (S.D.W. Va. June 1, 2016) (holding that insurance provisions contained in the West Virginia Code provide a limited waiver of the State's sovereign immunity in state courts; however, that waiver does not extend to suits brought against the State in federal court). Historically, the State of West Virginia has not waived its sovereign immunity in this type of suit, and there is no indication that the State would do so now. *See Kinder*, 2015 WL 1276748, at *7; *Skaggs*, 2014 WL 66645, at *5; *Chafin v. W. Reg'l Jail*, No. 3:13-cv-01706, 2013 WL 3716673, at *4 (S.D.W. Va. July 12, 2013); *Thompson v. W. Va. Reg'l Jail/Corr. Auth.*, No. 3:13-1897, 2013 WL 3282931, at *4 (S.D.W. Va. June 27, 2013); *Meadows v. Huttonsville Corr. Ctr.*, 793 F. Supp. 684, 686 (N.D.W. Va. 1992). Consequently, the waiver exception does not apply here.

Second, "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73). In *Will*, the Supreme Court concluded that Congress did not have the States in mind as potential defendants when it imposed liability on "persons" under § 1983. 491 U.S. at 65. Noting that ordinary rules of statutory construction required Congress to make any alteration of the "usual constitutional balance between the States and the Federal Government ... unmistakably

clear in the language of the statute," the Supreme Court observed that had Congress intended to include States as "persons" for the purposes of § 1983, it would have explicitly done so. *Id.* at 65 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242 (1985)). Two years later, the Supreme Court reaffirmed its holding in *Will* and explained that "interpreting the words '[e]very person' to exclude the States accorded with the most natural reading of the law, with its legislative history, and with the rule that Congress must clearly state its intention to alter 'the federal balance' when it seeks to do so." *Hafer v. Melo*, 502 U.S. 21, 26 (1991) (quoting *Will*, 491 U.S. at 65). Thus, Congress has not abrogated Eleventh Amendment sovereign immunity in the context of a § 1983 action. *See Quern v. Jordan*, 440 U.S. 332, 340 (1979).

As to the third and final exception, "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex Parte Young*, 209 U.S. 123, (1908)); *Freeland v. Ballard*, 6 F. Supp.3d 683, 694 (S.D.W. Va. 2014) ("Pursuant to the Eleventh Amendment, a federal court may enjoin state officials to conform their future conduct to federal law, which is distinguishable from a retroactive monetary award paid from State funds."). "The *Ex Parte Young* exception is directed at 'officers of the state [who] are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings'" to enforce an unconstitutional act against affected parties. *McBurney v. Cuccinelli, II*, 616 F.3d 393, 399 (4th Cir. 2010) (citing *Ex Parte Young*, 209 U.S. at 155-56). The state officer being sued must have "proximity to and responsibility for the challenged state action" before the exception can be invoked. *Id.* Moreover, the exception "applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal

law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citations omitted). Because the WRJ is not a state officer, but rather a state entity, the third exception to Eleventh Amendment immunity is likewise inapplicable. *Lee-Thomas*, 666 F.3d at 249 (recognizing that lawsuit must name state official as defendant, not a state agency); *Chafin*, 2013 WL 3716673, at \*5 (recognizing same); *Thomas v. Nakatani*, 309 F.3d 1203, 1208 (9th Cir. 2002) ("*Ex Parte Young* doctrine creates a fiction by allowing a person to enjoin future state action by suing a state official for prospective injunctive relief rather than the state itself. Even so, the Supreme Court has emphasized the importance of respecting this fiction"). In sum, since none of the exceptions apply, the undersigned **FINDS** that the WRJ is shielded by the Eleventh Amendment's sovereign immunity from Plaintiff's § 1983 case and is entitled to dismissal on this ground, as well. Given that the WRJ is immune from suit in this case, the undersigned need not address the WRJ's assertion that Plaintiff's complaint lacks sufficient facts to state a plausible claim.

## IV.    <u>Proposal and Recommendations</u>

For the reasons set forth above, the undersigned **PROPOSES** that the presiding District Judge accept and adopt the findings herein and respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the WRJ's motion to dismiss, (ECF No. 8), and **DISMISS** Defendant WRJ, removing said Defendant from the style of the case.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the

parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff and counsel of record.

**FILED:**  November 6, 2020

Cheryl A. Eifert
United States Magistrate Judge

11