IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JAMES E. HUGHES,

      Plaintiff,

v.                                 Case No. 3:20-cv-00307

JOHN/JANE DOE,

      Defendant.


**PROPOSED FINDINGS AND RECOMMENDATIONS**

      Pending is Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). For the reasons that follow, the undersigned **RECOMMENDS** that this case be **DISMISSED** for failure to prosecute under Fed. R. Civ. P. 41(b) and L. R. Civ. P. 41.1 and **REMOVED** from the docket of the Court.

**I.    Relevant History**

      On May 1, 2020, Plaintiff filed a civil rights complaint concerning his incarceration at the Western Regional Jail and Correctional Facility ("WRJ") in Barboursville, West Virginia. (ECF No. 2). Plaintiff alleged that he was a vegetarian, but had not been provided vegetarian meals by the WRJ. Consequently, Plaintiff was forced to purchase food from the commissary. He complained that he had not eaten a

1

complete meal for a couple of months. Plaintiff asked the Court to order the WRJ to reimburse him $1.00 for every meal served to him since September 26, 2019, to place him on a vegetarian diet, and to pay his filing and administrative fees. (ECF No. 2 at 5).

The WRJ filed a motion to dismiss Plaintiff's complaint on June 24, 2020, asserting that it was immune from prosecution under the Eleventh Amendment to the United States Constitution, (ECF Nos. 8, 9), and that Plaintiff failed to state a claim against the WRJ under § 1983. (*Id.*). Plaintiff responded to the motion to dismiss, (ECF No. 12), stating that he worked in food service at the WRJ and knew that vegetarian meals were available, but they were being wrongfully denied to him, making him spend his own money in order to eat. Plaintiff did not address the WRJ's claim of sovereign immunity. In a reply memorandum, the WRJ pointed out Plaintiff's failure to address the WRJ's core argument and reiterated that Plaintiff had not provided a factual basis to support his complaint. (ECF No. 13).

On August 31, 2020, the undersigned held a status conference in this case. (ECF No. 16). During the conference, the Court explained the concept of sovereign immunity to Plaintiff. In an effort to assist Plaintiff in identifying any individual that might have violated Plaintiff's constitutional rights, the Court ordered the WRJ to provide certain information to Plaintiff. Plaintiff was told that he would have thirty days after receipt of the documents in which to amend his complaint and name individuals subject to liability under § 1983. (ECF No. 16). The Court's instructions were memorialized by written order, which was sent and apparently received by Plaintiff. (ECF No. 17). On September 21, 2020, the WRJ filed a Notice of Compliance, confirming that it had fulfilled its obligations under the Court's Order. Accordingly, Plaintiff had until

October 26, 2020 in which to amend his complaint.

On November 6, 2020, the undersigned filed proposed findings and recommendations, suggesting that the WRJ be dismissed from this civil action based upon its sovereign immunity and the inapplicability of § 1983 to the WRJ. (ECF No. 24). On the same day, the undersigned entered a Show Cause Order, advising Plaintiff that the WRJ had complied with the Court's Order and noting that Plaintiff had failed to amend his complaint as ordered. (ECF No. 23). Plaintiff was given notice that a recommendation of dismissal would be made in thirty (30) days for his failure to prosecute and failure to comply with the Court's order, unless Plaintiff showed good cause for retention of the case on the docket. Plaintiff was told that if he wished to prosecute this action, he was required to file with the Clerk of Court an amended complaint consistent with the Court's prior instructions. If Plaintiff wished to dismiss the action, without prejudice, he was told to notify the Court by filing a motion to Dismiss with the Clerk of Court.

On December 1, 2020, the presiding District Judge accepted the proposed findings and recommendations and dismissed the WRJ, with prejudice, from the instant action. Accordingly, at that time, there were no defendants remaining in the action. Although instructed three times to file an Amended Complaint—once during the status conference and twice by written order—Plaintiff made no effort to comply, leaving his case without any named defendants. The docket indicates that Plaintiff was released from custody in September 2020 and provided a forwarding address; however, the forwarding address was incorrect or temporary, and he left no other address. (ECF Nos. 20, 26, 27, 28). Given the lack of an accurate address for Plaintiff, he has not received the last three documents filed by the Court. On the other hand,

3

Plaintiff has made no effort to contact the Court since September 16, 2020 and has not complied with the Court's oral and written order to amend his complaint. (ECF Nos. 16, 17).

## II.   **Discussion**

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."[1] Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[2]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff

---

[1] Fed. R .Civ .P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." However, although Fed. R. Civ. P. 41(b) does not explicitly provide for *sua sponte* dismissal, it does not abrogate the power of the court to act on its own initiative. *Link*, 370 U.S. at 630–32; *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).

[2] L. R. Civ. P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states   "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

"depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors, in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Plaintiff received at least one oral and one written order instructing him that he must file an amended complaint; yet, he failed to abide by those directives. Moreover, since his last contact with the Court in September 2020, Plaintiff has made no effort to check on the status of the case, or contact the Court regarding an amended complaint. These failures add up to a case history of Plaintiff proceeding in a deliberately dilatory fashion.

This civil action was filed eight months ago. Plaintiff was given substantial time to file an amended complaint, but has not done so. As a result of his failure to act, the case has been pending on the Court's docket for more than a month ***without any defendants*** having been named. In effect, Plaintiff has intentionally deprived his case of a justiciable controversy. Thus, Plaintiff is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the

defendants given that witnesses become unavailable and memories become stale with the passage of time. Furthermore, considering that Plaintiff entirely disregarded the Court's order to amend the complaint, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96.

### III.    Proposal and Recommendation

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED** and that this action be removed from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff at his last known address and to counsel for the WRJ.

**DATED**:  January 6, 2021

Cheryl A. Eifert
United States Magistrate Judge